IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jessica Biggs, | ) | |
|     Plaintiff, | ) | Case No. 1:18-cv-06183 |
| | ) | |
| v. | ) | The Honorable Mary M. Rowland |
| | ) | |
| Chicago Board of Education, | ) | |
|     Defendant. | ) | |

**BOARD'S MOTION FOR COSTS**

Defendant, Board of Education of the City of Chicago ("Board"), through its undersigned counsel, pursuant to Federal Rule of Civil Procedure 54(d), moves this Court to award it the reasonable costs associated with defending this litigation. In support, the Board states as follows:

**INTRODUCTION**

Biggs filed her claims against the Board, alleging a single claim related to her termination as principal from Burke Elementary School. After briefing on summary judgment, this Court granted summary judgment in favor of the Board. ECF No. 126, 127. As the "prevailing party" in this litigation, the Board is entitled to an award of costs. As set forth in detail below, the Board is seeking an award of $8,609.05.

**ARGUMENT**

**A. The Board Is Entitled to Costs Under Rule 54(d) and 28 U.S.C. § 1920.**

The Board, as the prevailing party in this civil suit, may recover costs pursuant to Rule 54(d) and 28 U.S.C. § 1920. Federal Rule of Civil Procedure 54(d) states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party…" Fed. R. Civ. P. 54(d)(1). The costs that may be recovered pursuant to 54(d)(1) are set out in 28 U.S.C. § 1920, which permits recovery of the following costs: (1) fees to

the clerk; (2) fees for transcripts; (3) fees for printing and witnesses; (4) fees for copying "of papers necessarily obtained for use in the case;" (5) docket fees; and (6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920.

The court has discretion to determine whether expenses claimed by the prevailing party are taxable as costs. *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1994). "There is a strong presumption favoring the award of costs to the prevailing party." *Sanglap v. LaSalle Bank, FSB*, 194 F. Supp. 2d 798, 801 (N.D. Ill. 2002) (citing *Weeks v. Samsung Heavy Indus. Co.*, 126 F.3d 926, 945 (7th Cir. 1997)). "The presumption is difficult to overcome, and the district court's discretion is narrowly confined – the court must award costs unless it states good reasons for denying them." *Id.*; *see also McGill*, 18 F.3d at 459 ("the prevailing party is prima facie entitled to costs and it is incumbent on the losing party to overcome the presumption"). Indeed, "[w]hen summary judgment is granted in a party's favor, that party is the 'prevailing party' for purposes of awarding costs." *Weeks*, 126 F.3d at 944.

Here, the Board is the "prevailing party". Under Rule 54(d), "the prevailing party is the party who prevails as to the substantial part of the litigation." *Testa v. Village of Mundelein*, 89 F.3d 443, 447 (7th Cir. 1996). This Court entered judgment in the Board's favor on Plaintiff's single claim. ECF No. 127. This resolution makes the Board the prevailing party. *See Congregation of the Passion Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 220 (7th Cir. 1988) ("no question" party obtaining summary judgment on federal law claim and dismissal of pendent state law claims was prevailing party). As the prevailing party under Rule 54(d), the Board is entitled to the costs listed below.

**B. The Board Is Entitled to $8,609.05 in Costs.**

1. **Service and Witness Fees**

Fees for witnesses are recoverable under § 1920(3). Pursuant to 28 U.S.C. § 1821(b), a witness shall be paid an attendance fee of $40.00 per day for each day's attendance and travel. The Board served a subpoena on three witnesses for a total of $105.00. These individuals required

2

witness fees pursuant to 28 U.S.C. § 1821, which provides that witnesses who travel to testify at trial or sit for a deposition must be paid an "attendance fee" of $40 per day and must be reimbursed for their travel and related expenses. 28 U.S.C. § 1821. "Collectively, 28 U.S.C. §§ 1821 and 1920(3) authorize the award of costs to reimburse witnesses for their reasonable travel and lodging expenses." *Hillmann v. City of Chicago*, Case No. 04 C 6671, 2017 U.S. LEXIS 130376, at *28 (N.D. Ill. Aug. 16, 2017). Plus, a prevailing party is entitled to have process server costs reimbursed to the extent those fees do not exceed marshal's fees. *See Huerta v. Village of Carol Stream*, No. 09 C 1492, 2013 U.S. Dist. LEXIS 14470, at *6 (N.D. Ill. Feb. 4, 2013); 28 U.S.C. § 1920(1). Here, the marshal fees are $65 per hour for each item served. *See Bennett*, No. 10 C 4968, 2014 U.S. Dist. LEXIS 45145, at *12 (permitting one hour of marshal fees per item, where the process server's hourly rate information was not identified). Therefore, the Board seeks to recover those fees, totaling $105.00. *See* Invoices, collectively attached as "Exhibit A."

   2. **Court Reporter Fees and Transcripts**

The costs of deposition transcripts "necessarily obtained for use in the case" are authorized by 28 U.S.C. § 1920(2). The "transcripts need not be absolutely indispensable in order to provide the basis of an award of costs; it is enough that they are 'reasonably necessary.'" *Barber v. Ruth*, 7 F.3d 636, 645 (7th Cir. 1993). In the Seventh Circuit, the general rule is that the costs for deposing a witness may be awarded "as long as the deposition was necessary when taken." *Finchum v. Ford Motor Co.*, 57 F.3d 526, 534 (7th Cir. 1995). Additionally, the incidental fees for the stenographer's appearance are recoverable costs, and should be added to the total award. *Trammel v. BASF Corp.*, No. 99 C 6897, 2002 U.S. Dist. LEXIS 383, at *7 (N.D. Ill. Jan. 14, 2002). In this case, the Board seeks to recover transcript fees for the deponents listed below, all of which were necessary to the case. The Board relied on the transcripts in support of its Motion for Summary Judgment and preparing for the possibility of losing summary judgment, and those are taxable costs.

3

Additionally, the Board asks to recover the cost of obtaining the transcript of the December 2, 2020 hearing before this Court. This transcript was necessary because the court addressed the parties' agreement at the close of discovery related to the tardy log books, and the Court's rulings specifically directed the parties to take particular next steps to complete discovery. *See* Transcript, attached as "Exhibit B." As such, Defendants required the transcript in order to be clear on the Court's expectations and rulings. *Cf. Hillmann*, 2017 U.S. Dist. LEXIS 130376, at *19-20 (recognizing that courts generally award costs for transcripts of hearings when the prevailing party articulates some specific necessity).

In total, the Board seeks to recover the following costs for court reporter and transcript fees:

| Date | Deponent | Vendor | Cost |
|---|---|---|---|
| 01-02-20 | Jessica Biggs (Parts I and II) | Toomey Reporting | $1,270.00 |
| 08-07-20 | Felicia Sanders (Part I) | Planet Depos | $964.15 |
| 08-20-20 | Robert McGowan (Part I) | Planet Depos | $279.95 |
| 10-21-20 | Cassandra Abram | Planet Depos | $1,016.75 |
| 10-26-20 | Matthew Lyons | Planet Depos | $466.55 |
| 10-27-20 | Robert McGowan (Part II) | Planet Depos | $986.90 |
| 10-30-20 | Adam King | Planet Depos | $885.55 |
| 11-10-20 | Tenesha Hatter | Planet Depos | $704.25 |
| 11-17-20 | Felicia Sanders (Part II) | Planet Depos | $660.00 |
| 11-18-20 | LaToya Lambert (Part I) | Planet Depos | $632.65 |
| 11-19-20 | LaToya Lambert (Part II) | Planet Depos | $599.15 |
| 12-02-20 | Court Proceedings | Laura Renke | $38.15 |
| **TOTAL** | | | **$8,504.05** |

*See* Invoices, collectively attached as "Exhibit C."

In addition, the Board attaches the required AO 133 Form outlining and declaring the above costs attached as "Exhibit D."

**CONCLUSION**

For the reasons stated above, the Board of Education of the City of Chicago respectfully requests this Honorable Court award it the reasonable costs associated with defending this litigation, up to and including $8,609.05, and any other relief this Court deems just.

Dated: June 1, 2022                                             Respectfully Submitted,

                                                                DEFENDANT BOARD OF EDUCATION
                                                                OF THE CITY OF CHICAGO

                                                                JOSEPH MORIARTY, General Counsel

                                                    By:         /s/ Elizabeth K. Barton
                                                                Elizabeth K. Barton, Atty No. 6295848

Elizabeth K. Barton / ekbarton@cps.edu
Board of Education of the City of Chicago
One North Dearborn Street
Law Department, Suite 900
Chicago, Illinois 60602
Tel: (773) 553-1700
Fax: (773) 553-1701

**CERTIFICATE OF SERVICE**

I, Elizabeth K. Barton, hereby certify that I served the attached Board's Motion for Costs on counsel of record via the Court's CM-ECF E-Filing on June 1, 2022.

                                                    By:         /s/ Elizabeth K. Barton
                                                                Elizabeth K. Barton, Atty No. 6295848